## Case No. 15,238.

### UNITED STATES v. GOUGHNOUR.

[2 Pittsb. Rep. 369; 4 West. Law Month. 561; 10 Pittsb. Leg. J. 130.]

District Court, W. D. Pennsylvania. 1862.

COUNTERFEITING—UTTERING—SCIENTER— POSSESSION OF COUNTERFEIT COIN AND NOTES.

1. In an indictment for passing counterfeit coin evidence of the possession of counterfeit bank notes is not admissible to prove the scienter.

2. But the possession of quantities of counterfeit coin of a different denomination from that laid in the indictment is admissible for such purposes.

This was a motion for a new trial, and was argued by Mr. Carnahan, U. S. Dist. Atty., for the government; and by Kopelin, Noon, Hampton & Swartzwelder, for the defendant.

McCANDLESS, District Judge. Satisfied with the verdict in this case, I do not feel disposed to disturb it, except upon substantial grounds. There is one point to which I have given much reflection, because it will be a precedent, and, if wrong, "many errors. by the same example, will creep" into this court. It is the admission in evidence of the fact that counterfeit bank notes were found in possession of the prisoner to prove the scienter; that is, that he knew the dimes he passed were counterfeit. The evidence was admitted, upon the authority of the text in Greenleaf, but the cases cited by the learned author do not sustain the position contended for by the government. As Lord Campbell says in 4 Eng. Law & Eq. 572: "It was evidence which went to show that the prisoner was a very bad man, and a likely person to commit such offences as that charged in the indictment: but, with regard to the scienter, it did not afford ground for a legitimate inference in respect of it." The possession of

counterfeit bank bills does not necessarily show guilty knowledge of counterfeit coin. If the indictment was in the state court, and under the state laws, for passing counterfeit bank bills, the possession of other bank bills of a similar character would tend to prove the scienter. And so of coin. On an indictment in this court for passing counterfeit coin, the possession of other counterfeit coin, although of a different denomination, would go far to show guilty knowledge. Coin is money. Bank bills are the mere representatives of money, and a knowledge of the false character of one, does not imply a knowledge of the false character of the other. Holding the latter in common with the former may be suggestive of the occupation and purpose of the party; but counterfeiting the coin being a usurpation of one of the highest acts of sovereignty, and the "passing" being highly penal, no qualified evidence should be given to prove the guilty knowledge.

Although the court charged the jury that the proof upon this point was of little value, yet they may have been influenced by it, and the prisoner is entitled to the benefit of the reason assigned.

As to the other reasons, in the language of Chief Justice Gibson in the case of Rogers v. Walker. 6 Barr [6 Pa. St.] 375, "they form a reticulated web to catch the crumbs of the cause, and, as they contain no point or principle of particular importance which has not already been ruled by this court, they are dismissed without further remark." New trial granted.

See U. S. v. Roudenbush [Case No. 16,198]; U. S. v. Doebler [Id. 14,977].